IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DAVID JACOBSON, LDOC # 553909**                                      **PETITIONER**

**VERSUS**                                              **Civil Action 1:10cv112-LG-RHW**

**STATE OF MISSISSIPPI**                                                **RESPONDENT**

## REPORT AND RECOMMENDATIONS

BEFORE THIS COURT are [1] the petition for writ of habeas corpus filed by David Jacobson ("Petitioner") pursuant to Title 28, United States Code, Section 2241, Respondent's [11] motion to dismiss the petition as moot, [13] Petitioner's July 16, 2010, motion for taxation of costs, and [14] Respondent's August 5, 2010 response opposing the motion for costs. Upon review and consideration of the pleadings, records on file and relevant legal authority, the undersigned is of the opinion that Respondent's Motion to Dismiss should be granted and Petitioner's request for taxation of costs denied as petitioner is not a "prevailing party" in the instant case.

## FACTS AND PROCEDURAL HISTORY

David Jacobson filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, as a pre-trial detainee, challenging charges pending against him in the Circuit Court of Jackson County, Mississippi, in Cause No. 2009-10,872(2). [1, p.1] Specifically, Jacobson challenged the fact that the State of Mississippi had lodged a detainer with the Louisiana Department of Corrections which has custody of petitioner. Jacobson is incarcerated in Louisiana serving what appears to be a six-year sentence pursuant to a judgment from the Orleans Parish Criminal District Court. [1, p.1-2], [3, p. 9]

On June 29, 2010, Respondent filed a motion to dismiss the habeas petition as moot, noting that on June 28, 2010 the Circuit Court of Jackson County, Mississippi entered an order of *nolle prosequi* in Cause No. 2009-10,872(2). [11-1] Although Jacobson filed no response to the motion to dismiss,[1] on July 28, 2010, he filed a motion pursuant to Fed.R.Civ.P. 54 for taxation of costs, asking this Court to order Jackson County to reimburse him $233.00 for alleged costs he incurred in the filing of his federal habeas petition. [13, p.1] Respondent opposes the motion for costs urging that Jacobson is not a "prevailing party" under Rule 54.

## LAW AND ANALYSIS

Since the charges against petitioner in Jackson County, Mississippi have been dismissed, the detainer issued is no longer in effect. *See, e.g., Luchie v. Baker*, 2010 WL 2328421 (S.D. Ga. 2010), *citing Byrd v. Martin*, 754 F.2d 963, 964 n.3 (11th Cir. 1985) (*per curiam*) (noting with approval the lower court's decision to dismiss a federal habeas petition challenging state detainer because the petition was moot once the petitioner had pled guilty and "the detainer was no longer in effect"); and *Lackey v. Alabama*, 434 F.2d 224 (5th Cir. 1970) (*per curiam*) (dismissing appeal challenging state detainers as moot where the petitioner had subsequently pled guilty to one of the challenged indictments, the other was *nolle prosequied*, and the state held no other detainers against the petitioner). Jacobson has already received the relief he requested in his petition and the possibility that charges would be reinstated in the future is so speculative that any decision on the merits of his habeas petition would be merely advisory. *Burkey v. Marberry*, 556 F.3d 142, 149 (3rd Cir.2009). Jacobson's habeas petition is moot at this point.

The Federal Rules of Civil Procedure provide an avenue in which a prevailing party may obtain costs. In particular, Fed.R.Civ.P 54(d) provides:

---

[1]Pursuant to *L.U.Civ.R.* 7(b)(4), Jacobson's response to the motion was due by July 16, 2010.

> **(1) Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party....

Black's Law Dictionary (9th ed. 2009) defines a prevailing party as one "in whose favor a judgment is rendered, ... *successful party*." Jacobson has received no judgment in his favor, he has been awarded no relief by the Court and he is not a prevailing party. *See, Hanrahan v. Hanrahan*, 446 U.S. 754, 758, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). Relief in the form of a judgment on the merits and/or court-ordered consent decree would establish a prevailing party, as both create a material change of the parties' legal relationship. *Buckhannon Board and Care Home v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). However, "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 599. The Supreme Court stated in *Buckhannon*:

> Numerous federal statutes allow courts to award attorney's fees and costs to the "prevailing party." The question presented here is whether this term includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. We hold that it does not.

*Id.*, 532 U.S. at 600. Jacobson has achieved the relief he sought, but it was through the voluntary conduct of Jackson County, Mississippi in entering a *nolle prosequi* order on Jacobson's pending charge in that jurisdiction, not by any judgment on the merits of his habeas petition which the Court is dismissing as moot. Therefore, he is not a prevailing party entitled to recover costs under Rule 54. See, *Dulworth v. Jones*, 496 F.3d 1133 (10th Cir. 2007)(analyzing *Buckhannon*, 532 U.S. at 598).

## RECOMMENDATION

Upon due consideration of the Petition, pleadings on file, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that [11] Respondent's motion to dismiss as moot Jacobson's habeas petition be **GRANTED** and [13] Petitioner's motion for costs pursuant to Fed.R.Civ.P. 54(c) be **DENIED**.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party who objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that they do not intent to respond to the objection.   An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 13th day of October, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE